### BONIFAY v. COUNTY JUDGE, et al.
### No. 6712.

Circuit Court, Santa Rosa County.

July 22, 1958.

Philip D. Beall and Kenneth A. White, both of Pensacola, for petitioner.

A. L. Johnson, Milton, for respondent.

WOODROW M. MELVIN, Circuit Judge.

This cause is before the court because of a justiciable controversy existing between Mahlon McCall, as county judge of Santa Rosa County, and E. L. Bonifay, as justice of the peace, district No. 4 of Santa Rosa County, relating to the relative authority and jurisdiction of these two officers. Each officer requests that a declaratory decree be entered. The court has carefully considered the testimony offered in this cause and the argument of the attor-

neys for the respective parties. It is, therefore, ordered, adjudged and decreed as follows —

The justice of the peace, E. L. Bonifay, is without authority to empower any arresting officer to fix and determine the amount of bail for the appearance of any defendant in any case. The authority to admit to bail and to fix and determine the amount of bail applicable in any particular case is a judicial power and one which may only be exercised under those circumstances and conditions as are recognized and authorized by the constitution and the laws of Florida. See 4, Florida Jurisprudence, Bail and Recognizance, sec. 10, page 36. The only exception to this rule is the authority granted by the legislature to officers of the State Highway Patrol to determine bail for a person arrested by such officer. See sec. 321.05, Fla. Stat. 1957.

The duty of an officer who has arrested a person without a warrant is so clearly spelled out in the provisions of sec. 901.23, Fla. Stat. 1957, as follows —

"An officer who has arrested a person without a warrant, shall *without unnecessary delay* take the person arrested before the *nearest or most accessible magistrate* in the county in which the arrest occurs, having jurisdiction, and shall make before the magistrate a complaint, which shall set forth the facts showing the offense for which the person was arrested; or, if that magistrate is absent or unable to act, before the nearest or most accessible magistrate in the same county,"

that there would appear to be no necessity for further comment with reference thereto. This section was designed for the protection of the person arrested. Its provisions may not with immunity be purposefully ignored.

The justice of the peace is not vested with jurisdiction to enter an adjudication of guilt and impose any fine or other penalty upon any defendant. The county judge's court of Santa Rosa County is the duly constituted court in said county having jurisdiction to try and determine the guilt or innocence of those charged with misdemeanor.

The justice of the peace in Santa Rosa County is a committing magistrate and his duty as such magistrate is plainly spelled out in the provisions of chapter 902, Fla. Stat. 1957. When a defendant, charged with misdemeanor, is brought before such magistrate and such defendant does not desire a preliminary hearing, it is the duty of the magistrate to enter an order fixing the amount of bail to be posted by the defendant and such bail bond should be return-

able to the county judge's court of Santa Rosa County for further proceedings. In those instances wherein the defendant desires preliminary hearing, the justice of the peace should admit the defendant to bail and may make such bond returnable before the justice of the peace upon a day certain. See sec. 902.06, Fla. Stat. 1957.

Upon the failure of the defendant to appear before the justice of the peace in obedience to the provisions of such appearance bond, the justice of the peace may estreat said bond, and if he does so, he shall forward the bail bond to the clerk of the circuit court of Santa Rosa County, and if such bond is secured by currency, forward such currency with said bond, and his order of estreature. In the case of bond estreatures, there is no obligation on the part of the justice of the peace to forward the case file to the county judge because an order estreating a bond does not have the effect of discharging the defendant within the contemplation of sec. 902.18, Fla. Stat. 1957.

In all cases where the magistrate has discharged the defendant or has held the defendant to answer to the trial court, the magistrate is required to transmit forthwith to the clerk of the court having trial jurisdiction all of the documents and items mentioned in section 902.18.

It is the duty of the county judge of Santa Rosa County to proceed with the arraignment and trial of the defendants in those cases certified to him by the committing magistrate.

The alternative writ of prohibition heretofore issued is hereby vacated. Costs of court are assessed against petitioner.